UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY,<br><br>                                Plaintiff,<br><br>v.<br><br>RICHARD KEITH NAGBY *et al.*,<br><br>                                Defendants.<br><br>AND RELATED COUNTER-CLAIMS AND CROSS-CLAIMS | Case No.: 16-CV-3038-BTM(WVG)<br><br>**ORDER**<br><br>**[Doc. Nos. 107, 108 & 111.]** |

The dispute before the Court concerns a third-party deponent John Scannell's failure to timely comply with, or object to, a subpoena for documents under Federal Rule of Civil Procedure 45.[1] As explained below, the Court ORDERS Scannell to produce responsive documents in his possession.

## I.  PERTINENT BACKGROUND

Plaintiff issued a third-party subpoena under Rule 45 to Scannell, who performed tax-related services for Defendants Richard and Diane Nagby, Cal Regent Insurances Services, Pacific Brokerage Insurance, and Claims Technology Services Corp. The subpoena sought various tax and financial documents. Scannell informed Richard Nagby about the subpoena and its contents the same day he received it on February 1, 2018. Two

---

[1] All further references are to the Federal Rules of Civil Procedure unless otherwise noted.

days before the February 23, 2018 compliance date designated in the subpoena, Scannell wrote a letter to Plaintiff's counsel, objecting based on attorney-client privilege and California's taxpayer privilege and declining to produce any documents.[2] However, this letter came after the 14-day objection deadline set forth in Rule 45 and to date, neither Scannell nor the affected defendants have filed a motion to quash or modify the subpoena. The parties' and Scannell's disagreement about his obligation to comply with the subpoena is now before this Court.

## II. LEGAL BACKGROUND

Rule 34 authorizes a party to seek documents subject to the Rule 26's relevance and proportionality limitations. Fed. R. Civ. P. 34(a)(1). Rule 34 also allows "a nonparty [to] be compelled to produce documents and tangible things or to permit an inspection" under Rule 45's subpoena provisions. *Id.* 34(c). If the deponent disobeys the subpoena, the district court can hold the deponent in contempt. Fed. R. Civ. P. 45(g).

"On timely motion," a court "must quash or modify a subpoena that," as relevant here, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). In addition—or in the alternative—"the nonparty served with the subpoena *duces tecum* may make objections . . . within 14 days after service or before the time for compliance, if less than 14 days." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Although the failure to timely assert objections constitutes a waiver, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Moon*, 232 F.R.D. at 636 (internal citation omitted).

---

[2] Since then, Scannell has determined he does not possess any responsive documents that are subject to either the attorney-client privilege or work-product doctrine. (Doc. No. 111-1 at 2 ¶ 10.) Thus, the only remaining privilege at issue here is the taxpayer privilege under California law. Additionally, Scannell contends he cannot legally produce the tax documents Plaintiff seeks without an order from this Court. *See* 26 U.S.C. § 7216(b)(1)(A).

### III. DISCUSSION

**A. Waiver**

Plaintiff contends Scannell waived any objection to the subpoena when he failed to timely object. The Court agrees.

### 1. The Objections Are Untimely

Plaintiff served the disputed subpoena on February 1, 2018. (Doc. No. 111-1 at 2 ¶ 4.) Although Plaintiff designated February 23, 2018 as the compliance date, any objections were to be served on or before February 15, 2018. Fed. R. Civ. P. 45(d)(2)(B) ("The objection must be served *before the earlier of* the time specified for compliance or 14 days after the subpoena is served.") (emphasis added). However, Scannell did not object until February 21, 2018—six days late—in a letter to Plaintiff's counsel. (Doc. No. 111-1 at 5.) The Court recognizes that Scannell believes he complied with Rule 45 when he served his first objections two days before the subpoena's compliance date. However, this compliance date is of no moment here because Rule 45 plainly mandates that *objections* are due *at the latest* 14 days from service of subpoenas. Where, as here, the designated compliance date is longer than 14 days from service, Rule 45 clearly sets the default maximum objection deadline at 14 days. Thus, while Scannell served his objections before the compliance deadline, they were plainly untimely for purposes of Rule 45(d)(2)(B). As a result, any objections are waived unless unusual circumstances or good cause exist. The Court finds that neither unusual circumstances nor good cause exist here.

### 2. Lack of Unusual Circumstances

"Courts have found unusual circumstances where, for instance, the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith." *Moon*, 232 F.R.D. at 636 (collecting cases); *see also McCoy*, 211 F.R.D. at 385. First, the subject subpoena is not overbroad, and it appears it issued in a good-faith effort to pursue the judgment Plaintiff has secured in another District. The discovery sought is also not beyond the bounds of fair discovery in a case like this, nor has Scannell argued as much. He has not argued that the responsive documents are

irrelevant, immaterial,[3] or that it would be burdensome or oppressive to produce them. Moreover, although Scannell is a nonparty acting in good faith, he is not an ordinary layperson, unschooled in the legal system—he is currently an active member of the State Bar of California and has continuously been a licensed attorney in the State since 1998. http://members.calbar.ca.gov/fal/Member/Detail/199300 (last visited March 23, 2018). As such, he has the specialized education, knowledge, and thus the unique ability to consult Rule 45—which the subpoena references multiple times—seek guidance from caselaw, and determine the correct deadline. There are no unusual circumstances here that would justify the untimely objections.

### 3. Lack of Good Cause

There is also a lack of good cause for the failure to comply with Rule 45's clearly-stated objection deadline. Defendant Robert Nagby's short opposition provides no explanation whatsoever for his end of the delay. And Scannell—who states he informed Defendants of the subpoena the same day he received it—states he waited to be instructed on how to respond to the subpoena. In doing so, he contends he relied on authority for the belief that privileges are not waived until after subpoena compliance deadlines. These explanations are unpersuasive. First, Scannell waiting for instructions does not constitute good cause. There is no credible reason why Scannell was compelled to wait for instructions before lodging objections and asserting privileges. An attorney himself, Scannell should know the importance of the privileges he eventually asserted on Defendants' behalf. Knowing the importance of privileges—and with the specter of waiver for missing an objection deadline looming—Scannell's only prudent course of action was to assert the privileges on Defendants' behalf to preserve the objections and avoid waiver.

---

[3] Scannell argues that the subpoenaed tax documents are irrelevant to Plaintiff's eighth and ninth claims. This narrow, and in the Court's view, unpersuasive contention completely ignores the relevance these documents have relative to the other claims, and Plaintiff has alleged that the Nagbys are the alter egos of Cal Regent and PBIS.

4

16-CV-3038-BTM(WVG)

Defendants then easily could have waived the privileges if they wished. Waiting for Defendants' input is an insufficient explanation that does not constitute good cause for missing Rule 45's deadline—especially when there is no explanation for Defendants' delay.

Additionally, Scannell contends he "relied on authority that, regardless of whether the recipient served general objections before the time set for compliance, privileges are not waived until after the return date." (Doc. No. 111-1 at 5.) He cites a dated case from the District of Massachusetts and concludes he "had no basis for believing that waiting until production would yield in waiver of privileges." (*Id.* at 111-1 at 6.) However, caselaw in the Ninth Circuit and Rule 45 itself provided him ample bases to ascertain the correct deadline and realize that waiver would result for missing it. The primary glaring issue with Scannell's belief is Rule 45's black-letter requirement that objections be served no later than 14 days after the subpoena is served. Additionally, *Moon* and *McCoy* are two examples of more recent reported cases within the Ninth Circuit that dispel any notion that one may wait until the compliance deadline to serve objections. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("[T]he nonparty served with the subpoena *duces tecum* may make objections . . . *within 14 days* after service or before the time for compliance, *if less than 14 days*.") (emphasis added); *McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 384-85 (C.D. Cal. 2002). And finally—*this* Court's recent Order in another case should have provided Scannell sufficient basis to doubt his purported reliance on the compliance date. *Poly-Med, Inc. v. Novus Sci. PTE LTD.*, No. 17CV649-DMS(WVG), 2017 U.S. Dist. LEXIS 80705, at *3 (S.D. Cal. May 25, 2017) ("A nonparty served with the subpoena *duces tecum* may serve the propounding party with a written objection within fourteen days after service or before the time of compliance, *if less than fourteen days*.") (emphasis added) (Gallo, M.J.).

The source of Scannell's mistaken reliance on the compliance date as the objection deadline is his conflation of the standard for objections, which are to be lodged within 14 days at the latest, and the standard for filing a motion to quash in a "timely" manner.

Objections and motions to quash are independent provisions within Rule 45 and are each subject to different deadlines. Motions to quash under Rule 45(d)(3)(A)(iii) are required to be filed in a "timely" fashion, which courts have read to mean before the compliance date designated in the subpoena. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06CV991-WQH(BLM), 2007 U.S. Dist. LEXIS 47795, at *26 (S.D. Cal. July 2, 2007); *see also N. Am. Co. for Life & Health Ins. v. Philpot*, No. 08CV270-BEN(NLS), 2010 U.S. Dist. LEXIS 124577, at *6-7 (S.D. Cal. Nov. 24, 2010). To date, a motion to quash has yet to be filed,[4] but it appears Scannell for some reason relied on this inapplicable deadline when he served *objections* two days before the compliance deadline. By then, the deadline applicable to objections had passed. Relying on the incorrect deadline can hardly constitute good cause—especially when the deponent is a licensed attorney.

**B.    Other Considerations**

    **1.    California Taxpayer Privilege; Public Policy Favors Odyssey**

California courts have interpreted state taxation statutes as creating a statutory privilege against disclosing tax returns. *Schnabel v. Super. Ct.*, 854 P.2d 1117, 1125-26 (Cal. 1993). The purpose of the privilege is to encourage the voluntary filing of tax returns and truthful reporting of income, and thus to facilitate tax collection. *Id.* at 1126 (citation omitted). This statutory tax return privilege, however, is not absolute. *Id.* at 1127. The privilege will not be upheld when: (1) the circumstances indicate an intentional waiver of the privilege; (2) the gravamen of the lawsuit is inconsistent with the privilege; or (3) a public policy greater than that of the confidentiality of tax returns is involved. *Id.* "A trial

---

[4] Even if the Court were to loosely construe this dispute as a motion to quash, it would still be untimely, as this dispute was not presented to the Court until after the February 23, 2018 compliance deadline.

court has broad discretion in determining the applicability of a statutory privilege." *Weingarten v. Super. Ct.*, 125 Cal. Rptr. 2d 371, 375 (Cal. Ct. App. 2002).

Although the Court has found objections are waived, the Court nonetheless addresses Scannell's contention that no public policy considerations overcome Defendants' privacy concerns and that Plaintiff has "has waited to the 11th hour of discovery in a desperate attempt to find assets that *might* satisfy a future judgment that *may* be rendered by this Court." (Doc. No. 111 at 5 (emphasis in original).)  In this case, unlike most other cases before this Court, Plaintiff has already secured a multi-million-dollar judgment in a federal district court.  Accordingly, there can be no doubt that Plaintiff is presently owed $3,200,000 plus interest that has continued to accrue since November 9, 2015. (Doc. No. 24 ¶ 17.)  Through this action, Plaintiff simply seeks to recover that money from sources that it contends have actively endeavored to thwart collection efforts.  Some corporate defendants in this case are defunct or empty bags from which Plaintiff cannot hope to collect, which is why Plaintiff has alleged that Richard and Diane Nagby are *personally* liable and cannot enjoy the traditional legal protections of corporate form.  (*Id.* ¶¶ 40-42, 99-101, 105-07.)  The Nagbys' privacy concerns shrink in the shadow of the public policy subversion that would result were the Court to allow them to use the legal system as a sword to strip corporate entities of assets to avoid a judgment and then proceed to use legal doctrine such as privacy as a shield to prevent a plaintiff that has been legally-determined to be owed millions of dollars from obtaining information that could subject the Nagbys to personal liability for the debt owed.  Scannell over-emphasizes the Nagbys' privacy concerns and fails to acknowledge the foregoing public policy concern.  The concern that "routine" disclosure of tax information will discourage the voluntary filing of tax returns remains inviolate in this case because this is not a routine case and the subpoenaed tax and financial documents bear on Plaintiff's efforts to collect on a judgment.

### 2. Lack of Burden in Light of Substantial Work Already Completed

As for any burden that compliance with the subject subpoena may cause, it appears Scannell has already undertaken much—if not all—of the work necessary to comply.  He

and his staff have spent 18 hours "addressing the subpoena[], reviewing records, and creating a privilege log." (Doc. No. 111-1 at 2 ¶ 6.) Indeed, the privilege log they prepared is impressively detailed, as it identifies various documents and categorizes them for each defendant in this case. This is not a case where a nonparty seeks protection from a subpoena that he contends *will* require extensive efforts. Because Scannell completed substantial work in response to the subpoena before his objections were presented to this Court, any additional work required to produce the documents to Plaintiff would not be overly burdensome.

### 3. 26 U.S.C. § 7216

Section 7216 makes it a misdemeanor crime for any "person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of" taxes to "disclose[] any information furnished to him for, or in connection with, the preparation of any such return, or use[] any such information for any purpose other than to prepare, or assist in preparing, any such return." 26 U.S.C. § 7216(a)(1)-(2). However, a covered person may disclose this information "pursuant to an order of a court." *Id.* § 7216(b)(2)(B). The Order the Court issues today ordering Scannell to produce responsive documents is such an order. Section 7216 therefore no longer prevents Scannell's compliance with the subpoena.

## IV. Conclusion

Scannell and Defendants waived their objections to the subpoena when they failed to object within Rule 45's 14-day deadline or to file a motion to quash or modify the subpoena. Neither good cause nor unusual circumstances exist to excuse such failure. Accordingly, Scannell is hereby ordered to comply with the subpoena **no later than April 6, 2018**.

**IT IS SO ORDERED.**

Dated: March 29, 2018

Hon. William V. Gallo
United States Magistrate Judge