UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY,<br><br>         Plaintiff,<br><br>v.<br><br>RICHARD KEITH NAGBY *et al.*,<br><br>         Defendants.<br><br>AND RELATED COUNTER-CLAIMS AND CROSS-CLAIMS | Case No.: 16-CV-3038-BTM(WVG)<br><br>**ORDER ON DISCOVERY DISPUTE (DIANE NAGBY OBJECTIONS TO THIRD-PARTY SUBPOENAS)**<br><br>**[Doc. Nos. 121, 129 & 132.]** |

  This dispute concerns Defendant Diane Nagby's objections to three third-party subpoenas issued under Federal Rule of Civil Procedure 45[1] to Barbara Hopper, Ms. Hopper's employer, and JPMorgan Chase Bank ("Chase"). None of the subpoenaed parties have objected or otherwise sought protection from the subpoenas. As explained below, the Court OVERRULES Ms. Nagby's objections and ORDERS compliance with the subpoenas.

## I. Pertinent Background

  Ms. Hopper is a Certified Public Accountant and Certified in Financial Forensics. She served as Ms. Nagby's expert witness and forensic accountant in unrelated divorce proceedings against Defendant Richard Nagby. On February 1, 2018, Plaintiff served Ms.

---

[1] All further references are to the Federal Rules of Civil Procedure unless otherwise noted.

Hopper a subpoena *duces tecum* under Rule 45 seeking documents and to depose Ms. Hopper. On February 8, 2018, Plaintiff served a second subpoena *duces tecum* upon Ms. Hopper's employer. In response to the subpoenas, Ms. Hopper—through counsel—began compliance and produced over 180,000 pages of responsive documents on March 5, 2018. (Doc. No. 129-1 at ¶¶ 5-6.) Ms. Hopper further cooperated and scheduled her deposition, which has since been postponed by stipulation in light of Ms. Nagby's objections. (*Id.* at ¶ 7.)

Chase is a national bank that maintains a financial account for non-party corporate entity, Nevada Cactus Growers LLC. The Chase subpoena sought records for various bank accounts, including documents related to this account.[2] (Doc. No. 132 at 55-56.)[3]

On April 10, 2018, Defendant Diane Nagby filed objections to the above subpoenas. (Doc. Nos. 120-21.) She objects to the Hopper subpoena on the basis that Ms. Hopper's "work product belongs to" Ms. Nagby.[4] (Doc. No. 121 at 2.) She objects to the Chase subpoena on relevance grounds. Prior to this filing, it does not appear Ms. Nagby formally objected to any of the subpoenas.

## II.  LEGAL BACKGROUND

Rule 34 authorizes a party to seek documents subject to the Rule 26's relevance and proportionality limitations. Fed. R. Civ. P. 34(a)(1). Rule 34 also allows "a nonparty [to] be compelled to produce documents and tangible things or to permit an inspection" under

---

[2] The subpoena also sought account records for Ms. Nagby, Defendant Richard Nagby, and another account identified by number. Ms. Nagby objects only to the portion of the subpoena related to the Nevada Cactus account.

[3] Page number citations are to the electronically-stamped page numbers created by the CM/ECF filing system—not to the document's original numbering.

[4] Plaintiff briefly considered retaining Ms. Hopper as an expert witness. Ms. Nagby now objects to Plaintiff retaining Ms. Hopper. Plaintiff is no longer considering retaining Ms. Hopper. This objection is OVERRULED as moot.

Rule 45's subpoena provisions. *Id.* 34(c). If the deponent disobeys the subpoena, the district court can hold the deponent in contempt. Fed. R. Civ. P. 45(g).

"On timely motion," a court "must quash or modify a subpoena that," as relevant here, "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). In addition—or in the alternative—"the nonparty served with the subpoena *duces tecum* may make objections . . . within 14 days after service or before the time for compliance, if less than 14 days." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); *see also McCoy v. Sw. Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). Although the failure to timely assert objections constitutes a waiver, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Moon*, 232 F.R.D. at 636 (internal citation omitted).

### III. DISCUSSION

**A. Waiver**

Plaintiff contends any challenges to the Hopper subpoenas are waived. The Court agrees.

#### 1. Challenges to the Hopper Subpoenas Are Untimely

Plaintiff served a subpoena on Ms. Hopper personally on February 1, 2018 and designated the compliance date as March 2, 2018. (Doc. No. 129-1 ¶ 2; Doc. No. 132 at 15.) Plaintiff followed up with a second subpoena to Ms. Hopper's employer on February 8, 2018 and designated the compliance date as March 2, 2018. (Doc. No. 129-1 ¶ 2; Doc. No. 132 at 33.) Ms. Nagby filed her objections on April 10, 2018. They are untimely.

Objections and motions to quash are independent provisions within Rule 45 and are each subject to different deadlines. Objections are permitted to be lodged by the *non-party* who is the subject of the subpoena. Fed. R. Civ. P. 45(d)(2)(a) ("*A person commanded to produce documents* or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection . . . .") (emphasis added). Here, Ms. Nagby was not the person being commanded to produce documents—Ms. Hopper was.

However, Ms. Hopper never objected or otherwise sought protection from the subpoena. (Doc. No. 129-1 ¶ 3.) Instead, she complied with the subpoena, producing over 180,000 pages of documents and scheduling her deposition. (*Id.* ¶¶ 5-7.) However, even if this provision applied to Ms. Nagby, the objections she filed were untimely. Based on the subpoena service dates, the 14-day maximum objection periods set forth in Rule 45(d)(2)(B) expired on February 15, 2018 and February 22, 2018, respectively. But Ms. Nagby's objections were filed on April 10, 2018—54 and 47 days later than the respective objection deadlines allowed. In any event, as a party to the case who was not the subject of the subpoena, Ms. Nagby was required to file a motion to quash. Even if the Court construes her objections as a motion to quash, the construed motion is untimely.

Motions to quash under Rule 45(d)(3)(A)(iii) are required to be filed in a "timely" fashion, which courts have read to mean before the compliance date designated in the subpoena. *See, e.g.*, *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 278 (D.D.C. 2002); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06CV991-WQH(BLM), 2007 U.S. Dist. LEXIS 47795, at *26 (S.D. Cal. July 2, 2007); *see also N. Am. Co. for Life & Health Ins. v. Philpot*, No. 08CV270-BEN(NLS), 2010 U.S. Dist. LEXIS 124577, at *6-7 (S.D. Cal. Nov. 24, 2010). Here, the designated compliance dates in both subpoenas was March 2, 2018. Ms. Nagby filed her objections on April 10, 2018. Accordingly, her motion to quash, construed as such, is untimely.

Based on Ms. Hopper's lack of objections and Ms. Nagby's untimely challenges, any objections are waived unless unusual circumstances or good cause exist. The Court finds that neither unusual circumstances nor good cause exist here.

### 2. Lack of Unusual Circumstances

"Courts have found unusual circumstances where, for instance, the subpoena is overbroad on its face and exceeds the bounds of fair discovery and the subpoenaed witness is a non-party acting in good faith." *Moon*, 232 F.R.D. at 636 (collecting cases); *see also McCoy*, 211 F.R.D. at 385. First, the subject subpoenas are not overbroad, and it appears they were issued in a good-faith effort to pursue the judgment Plaintiff has secured in

another District. The discovery sought is also not beyond the bounds of fair discovery in a case like this.

Moreover, although Ms. Nagby has asserted a purported work-product privilege attaches to the documents in Ms. Hopper's possession, any such privilege is waived given that Ms. Hopper was a testifying expert in the Nagby divorce case. Under California privilege law, communications between an attorney and an expert *solely* retained as a consulting expert may be privileged, and a consulting expert's reports may constitute work product. *DeLuca v. State Fish Co. Inc.*, 158 Cal. Rptr. 3d 761, 774 (Cal. Ct. App. 2013). "The situation is different, however, with a *testifying* expert. As a general rule, neither the attorney-client privilege nor the work product protection will prevent disclosure of statements to, or reports from, a testifying expert." *Id.* (emphasis added). "Once a testifying expert is designated as a witness, the attorney-client privilege no longer applies because the decision to use the expert as a witness manifests the client's consent to disclosure of the information." *Id.* (internal quotations and citation omitted). Similarly, "when an expert witness is expected to testify, the expert's report, which was subject to the conditional work product protection, becomes discoverable, as the mere fact that the expert is expected to testify generally establishes good cause for its disclosure." *Id.*

Here, Ms. Hopper was a testifying expert in the Nagby divorce proceedings. Ms. Nagby formally designated Ms. Hopper as "an expert for the purpose of analyzing and determining the reimbursement issue in this matter. Ms. Hopper will provide meaningful testimony regarding all issues related to reimbursements owed by each party. Ms. Hopper will also testify regarding the reports prepared by her regarding the reimbursement issues." (Doc. No. 129-1 at 10 ¶ 3.) Ms. Nagby designated Ms. Hopper as a trial witness as well. (*Id.* at ¶ 5.) Ms. Hopper then proceeded to provide testimony in at least one deposition, in at least three declarations, and ultimately testified at the divorce trial on Ms. Nagby's behalf. (*Id.* ¶ 13; *see id.* at 9-27.) Accordingly, the work-product doctrine is waived and does not now constitute unusual circumstances to excuse the untimeliness of Ms. Nagby's challenges to the Hopper subpoenas.

### 3. Lack of Good Cause

There is also a lack of good cause for the failure to comply with Rule 45's clearly-stated deadlines. Because Ms. Nagby provides no explanation whatsoever for the delay, there is no basis to find the delay was justified.

## B. Ms. Nagby Lacks Standing to Object to Ms. Hopper's Deposition

To the extent Ms. Nagby seeks to prevent Ms. Hopper's deposition from happening, Ms. Nagby lacks standing to do so. "The general rule . . . is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." *Cal. Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). "Thus, prior to a deposition, only the *nonparty witness* (or a party claiming privilege as to subpoenaed documents) may move" to quash or modify the subpoena or for a protective order. O'Connell & Stevenson, *Rutter Group Prac. Guide: Federal Civ. Proc. Before Trial* § 11:2286 (emphasis in original).

Here, to the extent Ms. Nagby has standing to claim privilege as to the documents portion of the Hopper subpoenas, the Court addressed the work-product doctrine above and found waiver. Beyond that objection, Ms. Nagby lacks standing to challenge Ms. Hopper's deposition from taking place. Accordingly, Ms. Nagby's objection to Ms. Hopper's deposition is OVERRULED.[5]

## C. Objections to Chase Subpoena[6]

The Chase subpoena seeks, in relevant part, "[a]ll ACCOUNT RECORDS as to any bank accounts held in the name of Nevada Cactus Growers, LLC from January 1, 2012 to

---

[5] In any event, it does not appear Ms. Nagby objects to the deposition going forward. Rather, she objects to the deposition going forward *without a ruling* on her work-product challenge to the document portion of the subpoenas.

[6] Plaintiff does not argue this objection is untimely. The Court construes the objections as a motion to quash, which was timely filed given that the Chase subpoena compliance date is May 2, 2018. (Doc. No. 132 at 51.)

today." (Doc. No. 132 at 55.) Ms. Nagby objects to this portion of the Chase subpoena on relevance grounds, arguing Nevada Cactus is an "uninvolved corporation" that "is not a party or a defendant in the lawsuit at hand." (*Id.*) She contends any Nevada Cactus assets are separate and unrelated to any issue in this case and avers that the "only collection [Plaintiff] should be working on at this time are funds that belong[] to the [c]orporations Cal-Regent and/or PBIS Insurance Company." (*Id.*) She contends Nevada Cactus assets originated from her divorce from Defendant Richard Nagby and have "zero to do with" this case. (*Id.*)

However, Ms. Nagby's assertions are untenable in light of newly-discovered emails in which Ms. Nagby purportedly stated that her intention in creating Nevada Cactus was to shield money from judgment creditors. Plaintiff recently discovered emails in which Ms. Nagby purportedly stated as follows: "Because of the lawsuits against [Defendant] Cal-Regent, it was recommended to me that I open up these Nevada corporate accounts so that if the corporate veil was pierced and we were personally responsible, the money would be in these (2) Nevada corporations." (Doc. No. 125 at 4.) In another email, Ms. Nagby purportedly stated: "So the $2.5 Million I received, I put some of the proceeds in Nevada Cactus and most of it in Green Tree Funding, so it is not in my personal account, in case the corporate veil gets pierced." (*Id.* at 5.) The $2.5 million mentioned in the latter email references a payment Ms. Nagby received for the sale of Defendant Pacific Brokers Insurance Services, which Plaintiff contends was intended to "hinder, delay and defraud creditors" like Plaintiff. (Doc. No. 125 at 2.) These emails purportedly evidence Ms. Nagby's intention to shield that money from collection and also relate to the Court's preliminary injunction that required Ms. Nagby to deposit all funds she had received in the Court's registry. (Doc. No. 68 at 2.) The Nevada Cactus bank records are highly relevant to this case. Ms. Nagby's relevance objection is OVERRULED. Chase shall comply with the subpoena.

## IV. CONCLUSION

Ms. Nagby's objections are OVERRULED as set forth above. The recipients of the subpoenas are hereby ORDERED to comply with the subpoenas forthwith.

**IT IS SO ORDERED.**

Dated: April 26, 2018

Hon. William V. Gallo
United States Magistrate Judge