UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODYSSEY REINSURANCE COMPANY, a Connecticut corporation<br><br>Plaintiff<br><br>v.<br><br>RICHARD KEITH NAGBY, et al.<br><br>Defendants. | Case No. 3:16-cv-03038-BTM-WVG<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MOTION OF PLAINTIFF ODYSSEY REINSURANCE COMPANY FOR ORDER DIRECTING PAYMENT OF CERTAIN REGISTRY FUNDS NOT SUBJECT TO PENDING APPEAL |

The Motion of Plaintiff Odyssey Reinsurance Company ("Odyssey Re") For Order Directing Payment of Certain Registry Funds Not Subject to Pending Appeal (Docket No. 344) came on for hearing on October 19, 2020 on the 2:00 p.m. calendar, before the Honorable Barry Ted Moskowitz. Dean T. Kirby, Jr., Kirby & McGuinn, A P.C. appeared for Plaintiff Odyssey Reinsurance Company. No opposition to the Motion was filed. There were no other appearances. The Court having considered the

moving papers and the argument of counsel, and further based upon the entire record in this case, enters the following findings of fact and conclusions of law.

FINDINGS OF FACT

1.  The sum of $199,308.92, which was deposited to the registry of this Court, is the property of defendant and judgment debtor Diane Dostalik ("Dostalik"), held in the name of the 2015 Diane M. Dostalik Trust (the "Dostalik Trust"). The Court makes this finding based upon the following evidence contained in the record:

    1.1  The Grant Deed from Richard K. Nagby and Diane Nagby as Co-Trustees of the Richard and Diane Nagby Revocable Trust dated February 2, 2015, to Diane M. Nagby as Grantee a copy of which is attached as Exhibit 1 to the Declaration of Dean T. Kirby, Jr. filed in this action on July 7, 2020 as Docket No. 344-3 (the "Kirby Declaration").

    1.2  The Trust Transfer Deed from Diane M. Nagby as Grantor to Diane M. Dostalik, Trustee of the 2015 Diane M. Dostalik Trust dated April 27, 2015, a copy of which was attached as Exhibit 2 to the Kirby Declaration.

    1.3  The Deed of Trust, in favor of Unison Agreement Corporation as beneficiary, recorded April 15, 2019 showing as Borrower Diane M. Dostalik, Trustee of the 2015 Diane Dostalik Trust, a copy of which was attached as Exhibit 10 to the Kirby Declaration.

    1.4  The Seller's Final Settlement Statement dated April 7, 2020, naming as the Seller Diane Dostalik, a copy of which was attached as Exhibit 15 to the Kirby Declaration.

1.5   The Grant Deed, a copy of which is attached as Exhibit 18 to the Supplemental Declaration of Dean T. Kirby, Jr. filed October 21, 2020 (the "Supplemental Kirby Declaration" Docket No. 350)

2.   The sum of $39,929.96, which was deposited to the registry of this Court is the property of Dostalik, which was held in the name of the Dostalik Trust. The Court makes this finding based upon the following evidence contained in the record:

2.1   The Business Records Declaration of Risela Rivera, including the statement of account which is included in Exhibit 17 to the Supplemental Kirby Declaration, as page no. CAYE 000075.

3.   The Dostalik Trust is a revocable trust. The Court makes this finding based upon the following evidence contained in the record.

3.1   The Certification of Trust, a copy of which was attached as Exhibit 6 to the Kirby Declaration, and which is included in Exhibit 17 to the Supplemental Kirby Declaration as page CAYE 000160.

3.2   The Declaration of Trust copy of which was attached as Exhibit 7 to the Kirby Declaration, and which is included in Exhibit 17 to the Supplemental Kirby Declaration as pages CAYE 000142-159.

3.3   The Trust Transfer Deed from Diane M. Nagby as Grantor to Diane M. Dostalik, Trustee of the 2015 Diane M. Dostalik Trust dated April 27, 2015, a copy of which is attached as Exhibit 2 to the Kirby Declaration, which document states that the deed is a "Transfer to a revocable trust."

/ / /

/ / /

/ / /

CONCLUSIONS OF LAW

4. Property vested in a trust which is revocable by the judgment debtor is treated as property of the judgment debtor in that it is subject to the claims of creditors. Calif. Probate Code §18200; *Zanelli v. McGrath,* 166 Cal.App. 4th 615, 633 (2008).

5. The Court may assign a right to payment which is the property of the judgment debtor to the judgment creditor in order to enforce a money judgment. Calif Code Civ. Proc. §§ 695.010(a); 708.510(a). *In re Advanced Biomedical, Inc.,* 547 B.R. 337, 340-42, 346 (Bankr. C.D. Cal. 2016)."

///

Dated: October 28, 2020

_____
Honorable Barry Ted Moskowitz
United States District Judge